**CRADDICK DEVELOPMENT, INC., an American Samoa Corp., EDGAR C. CRADDICK, DAVID CRADDICK, ADMINISTRATORS OF THE ESTATE OF DOUGLAS C. CRADDICK and ROBERT KERLEY, Plaintiffs**

**v.**

**MAGDALENE VAIVAO CRADDICK and DOES 1-20, Defendants**

High Court of American Samoa
Trial Division

CA No. 43-89

October 24, 1995

Before RICHMOND, Associate Justice, TAUANU'U, Chief Associate Judge, and LOGOAI, Associate Judge.

---

[1] The actual notice of appeal filed by counsel clearly demonstrates this.

Counsel:        For Plaintiffs, William H. Reardon
                  For Defendants, Togiola T.A. Tulafono

Injunction Pending Appeal:

Complying with A.C.R. 8(a), plaintiffs have first applied to the trial court for an injunction pending appeal, as authorized under A.C.R. 8(a) and T.C.R.C.P. 62(c). The court heard counsel's arguments on October 19 and 23, 1995, and in light of the criteria set forth in *Asifoa v. Lualemana*, 17 A.S.R.2d 100, 103 (App. Div. 1990), grants the application for the following reasons.

1. <u>Likelihood of success on appeal</u>. The central issue in this action involves the meaning of "alienation," as defined in A.S.C.A. § 37.0201(a), of individually owned land in the context of the beneficial interests in two trust arrangements. This issue reaches constitutional proportions and concerns the interaction with the policy restrictions protecting land with due process and land ownership rights. While we are confident that our decision is substantively correct, we also recognize that the decision raises questions of law which are difficult and not fully explored by other precedents, and about which reasonable persons may disagree. Regardless of how we may characterize the closeness of the questions of law, this is the very type of situation in which in principle the status quo should be preserved through an injunction pending appeal. *Asifoa v. Lualemana*, 17 A.S.R.2d 10, 14 (Trial Div. 1990); *Asifoa v. Lualemana*, 17 A.S.R.2d 100 at 103.

2. <u>Irreparable harm</u>. On this criteria, we need to balance the equities. *Asifoa v. Lualemana*, 17 A.S.R.2d at 13. The law treats land as unique. Loss of land cannot be replaced by like land. As matters now stand, plaintiffs have lost their interests in the land at issue and have suffered irreparable harm. Moreover, if defendant Magdalene Vaivao Craddick ("Magdalene") is allowed to exercise full ownership rights over the land at this time, numerous third persons may potentially face adverse consequences from land transactions she may enter. Magdalene has won ownership of the land immediately and if she prevails on appeal. An injunction pending appeal will not alter her position in any significant way.

3. <u>Public interests</u>. Public interests are linked to this action. As suggested above, coordination between the preservation of Samoan land customs, on one hand, and economic development of land, on the other, will be impacted. Also indicated, unfettered land transactions in the interim could compound issues to be sorted out judicially or otherwise. An injunction pending appeal will afford protected time to duly consider

the public policy issues and help to minimize other disputes which could unnecessarily arise.

■ 4. <u>Bond</u>. Magdalene requests that plaintiffs post a bond if we grant the injunction pending appeal. As discussed in *Asifoa v. Lualemana*, 17 A.S.R.2d at 103, security may be appropriate when a demonstrable value from loss of use is at stake. In this case, however, due to insufficient evidence, we have purposely postponed assessment of any monetary consequences of our decision pending adequate accountings of relevant past transactions by plaintiffs Craddick Development, Inc. ("CDI"), by and through it agents, including but not limited to plaintiff David Craddick and Magdalene In addition, security is not ordinarily required when land disputes are under appeal. *Id.*

For good cause shown, Magdalene, her officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with her are enjoined from taking any steps to lease, convey, reacquire possession, construct, alter or destroy improvements or commit any waste upon, any of the land placed in the trusts at issue in this action.

This injunction pending appeal does not prevent Magdalene from seeking information from occupants of land for the purpose of complying with the court's order to file her accounting of past transactions.

Both CDI and Magdalene are presently required to file their respective accountings within 120 days of the entry of the judgment in this action on June 27, 1995, or no later than October 25, 1995. At the hearings on the injunction pending appeal, it was apparent that neither CDI nor Magdalene is capable of meeting this filing deadline. Thus, the deadline will be delayed another 120 days, or until February 22, 1996.

It is so ordered.